## SUPREME COURT.

### J. FRANKLIN PECK agt. ANTHONY YORKS and others.

When an *injunction order* has been allowed, and the same has been served, and the parties in the suit have appeared and taken steps in the action, and acquiesced in the injunction, no judge has authority to *modify it ex parte.*

Section 324 of the Code was designed to allow a judge who had hastily or improvidently granted an order to rectify the error, *if applied to immediately, and before any steps are taken in the action.* It was not intended to give an unlimited right to vacate orders granted *ex parte.*

*Monroe Special Term, January,* 1863.

THIS case is a creditors' suit, brought against the judgment debtor, Anthony Yorks, with his son Theodore D. Yorks, his brother-in-law Zimri Cook, and others, and the charge is fraud in the transfer of the property of the judgment debtor to the other defendants. The action was commenced in November, 1861, and an injunction order was granted on the 22d day of that month, by GEORGE HASTINGS, county judge of Livingston county, in which county the action was brought. This injunction was served on all the defendants, between the 10th day of December, 1861, and the 21st day of January, 1862, and all except Cook (who resides in Ohio) appeared and answered in the action. On the 29th day of December, 1862, and after proceedings had been commenced by the plaintiff against the judgment debtor and his son, Theodore, for violating the injunction order, the defendants, without notice to the plaintiff, obtained from Judge HASTINGS a modification of the injunction order, which he had originally granted, and this motion is made to set aside the order of modification.

On the argument, the defendants insisted that section 324 of the Code authorized the modification of an injunction granted *ex parte*, without requiring notice to the plaintiff, and cited *Bruce* agt. *Del. & Hud. Canal Co.*, (8 *How.*, 440,) but the plaintiff claimed that the case quoted could not be sustained, as it was entirely inconsistent, and would make section 225 a mere nullity, which was never intended by the framers of the Code—that section 324 was only intended to apply to the various orders arising in the progress of a suit, while section 225 was a special enactment, applicable to provisional remedies, citing *Mills* agt. *Thursby*, (1 *Code Rep.*, 121.)

   J. F. Peck, *plaintiff in person, for the motion.*
   Geo. F. Danforth, *opposed.*

E. Darwin Smith, Justice. I do not think the order of Judge Hastings, modifying the injunction issued in this case, properly made. It was not made till more than a year had elapsed after its service upon the defendants or some of them, and not till after all of them, except Cook, had appeared and answered in the cause. If section 324 applied to injunction orders, I don't think it will justify the order made in this instance. That section was designed to allow a judge who had hastily or improvidently granted an order, to rectify the error if applied to *immediately*, and before any steps are taken in the action. It was not intended to give an unlimited right to vacate orders granted *ex parte*. It is very rarely, indeed, when a judge should modify an injunction *ex parte*. I did it in one instance, when it had not been served upon all the parties, and before appearance, and when I thought it was improperly used or abused, but I doubted much and still do the general right to modify an injunction order, without notice to the parties. Important rights depend upon them, and they should not be allowed or vacated without care. When an injunction order has been

Peck agt. Yorks.

allowed, and the same has been served, and the parties in the suit have appeared and taken steps in the action, and acquiesced in the injunction order, as in this instance, I do not think the county judge or judge of this court should modify the injunction; and I go further—I do not think he has any authority to do so, within the spirit and intent of the sections 225 and 324 of the Code, or that it was ever intended to confer any such power. If this order had been granted by myself, or any other judge of this court, I should deem it my duty to set it aside as improvidently granted, if not unwarranted. I cannot sanction any such practice on the part of any judge, either of this court or of the county court. If application had been made to Judge Hastings immediately on the service of this injunction, and it appeared that the injunction was improvidently granted, or too extensive, and he had modified it, and it appeared that such modification was right and worked no injustice, I do not think the court would interfere with the order upon the single ground of irregularity, but it would look at the merits of the modification, and affirm it if proper.

I regard the present motion as in the nature of an appeal from this order of Judge Hastings, and that I am called upon to see whether it ought in fact to have been entertained and made *ex parte*. I think it was clearly improper to grant it without notice, and for that reason shall direct that it be set aside, and the original injunction order reinstated, and if the defendants think proper, they may apply to the court upon motion for such modification as may be just.