ROGERS, receiver, &c. *vs.* CORNING and others.

A receiver, appointed in proceedings supplementary to execution, is vested with the property and effects of the judgment debtor from the time of the filing and recording of the order appointing him.

After the title to a promissory note, the property of judgment debtors, has vested in a receiver, by virtue of his appointment, it is not in the power of a county judge, or any other judicial officer or court, to divest him of it, by a mere order, made in proceedings to which he is not a party.

And parties receiving such note from a third person, to be applied upon a subsequent judgment, under an order made by a county judge, will hold it as the receiver's property, and be accountable to him for all the moneys they have received upon it.

A judge making an order, out of court, has express authority to vacate it.

THIS is an action to recover the proceeds of a promissory note. The plaintiff had been appointed receiver of the property, &c., of Worden, Cole & Gior, in five different actions. His appointment had been perfected and he had entered upon his duties as such, prior to April 8, 1861. On that day a copy of the order, appointing the plaintiff receiver, was served upon E. S. Boughton, who held in his possession a promissory note, for $211.85, the property of the judgment debtors. On the 11th day of April, 1861, the receiver demanded the note of Mr. Boughton, which was refused. On the 12th of April, 1861, the defendants, by their attorneys, Palmer & Mumford, having a judgment against the judgment debtors subsequent to those upon which the plaintiff was appointed receiver, procured an *ex parte*

order from the Monroe county judge, directing Boughton to give up the note to the defendants, to be applied on their judgment, and on said order Boughton gave up the note to Mumford & Palmer. The county judge was not informed by Mumford & Palmer that a receiver had been appointed, and at the time he made said order did not remember that fact. The defendants immediately, and on the same day, converted said note into money, by getting it discounted at a broker's office. Immediately on hearing of this order, the county judge vacated it, on application of the plaintiff, and ordered the funds paid to the receiver. On this application the defendants were heard by counsel. A copy of said order was at once served on Palmer & Mumford, the proceeds of the note demanded, which was refused, and on the 15th of October, 1863, a copy was served upon the defendant Corning, personally, and a similar demand made, which was also refused. This action was then commenced. It was referred to a referee, who reported that the plaintiff was entitled to judgment, for the amount of the note, with interest. The defendants excepted, and appealed from the judgment entered on the report.

*T. R. Strong,* for the appellants.

*J. Van Voorhis, Jr.* for the respondent.

*By the Court,* JOHNSON, J. I think this action was correctly determined by the referee. The statute provides that the receiver shall be vested with the property and effects of the judgment debtor from the time of the filing and recording of the order appointing him. (*Code,* § 298.) The plaintiff's appointment as receiver had been perfected, and he had demanded the note in question, before the defendants procured their order for the delivery of the note by Boughton to them, to be applied upon their judgment. At the time the last named order was made the plaintiff was the owner of the note. The title thereto had vested in him by virtue of

his appointment, and it was not in the power of the county judge, or any other judicial officer or court, to divest him of it by a mere order in proceedings to which he was not a party. The order of the county judge, therefore, gave the defendants no right or title to the note, or to the moneys arising therefrom, as against the plaintiff, and the plaintiffs in the judgments for whom he had been appointed. The order might, perhaps, operate to protect Boughton in the delivery of the note, as long as it remained unvacated, but it is quite certain that it could not operate to divest the plaintiff of his title, and transfer it to the defendants. The note, then, did not belong to the defendants in the judgment. It belonged to the plaintiff, as trustee for others, and neither his, nor their rights could be divested in this irregular way. The defendants' possession of the note, under the order did not constitute them *bona fide* holders in the ordinary course of trade, and it could not operate as an adjudication to transfer the title, as the plaintiff was no party to the proceedings. They held it, therefore, as the plaintiff's property, the same as it was in the hands of Boughton, from whom they received it, and are accountable to him for all the moneys they have received upon it. This is manifestly the case, even if the order upon which the defendants rely, was irregularly and improperly vacated. It was not at all essential to the plaintiff's rights, that it should be vacated, as those rights were not effected by it. I entertain no doubt, however, that the order for the delivery of the note to be applied upon the defendants' judgment, was properly vacated. It was made on the 13th and vacated on the 17th of April, 1861, upon an order to show cause served upon the defendants, who appeared and opposed the same.

The plaintiff proceeeded to have the order vacated, as soon as it came to his knowledge, and can not be charged with laches or acquiescence. The authority to vacate an order made out of court by the judge who made it, is expressly conferred by statute. (*Code*, § 324.) The mistake or mis-

apprehension of the judge under which the order thus vacated was made, was rendered so apparent that it ought not to have been allowed to stand. In the case. of *Peck* v. *Yorks,* (24 *How. Pr. Rep.* 363,) the order had stood over a year, and had been acquiesced in by the parties, before any attempt was made to modify it. The judgment, I think, is right, and should be affirmed.

Judgment affirmed.

[Monroe General Term, September 5, 1865. *Johnson, E. Darwin Smith* and *James C. Smith,* Justices.]