Monell, J.
The order made in this ease in June, 1865, referring the motion to discharge from arrest to a referee, *642 to hear and determine, provided that the time to answer should be extended until some time after the referee’s report should be confirmed.
The exceptions to the referee’s report having been heard and decided against the defendants, an ex parte order upon such decision was directed to be entered by the justice who heard the exceptions, setting aside the referee’s report, and denying the motion to vacate the order of arrest. The order also vacated so much of the order of reference as extended the time to answer. Immediately on entering the last mentioned order, the plaintiffs perfected judgment for want of an answer, and issued execution.
The motion now is, to vacate such order, or to have the same resettled, and to open the judgment and let the defendants in to defend.
Upon the decision sustaining the exceptions to the referee’s report, it was competent for the justice making such decision also to decide the original motion, and therefore so much of the order as sustained the exception and denied the motion to discharge from arrest, cannot be vacated by me on this motion. The only remedy for. the parties aggrieved is by an appeal to the general term. It was not, however, competent for the justice to vacate the provision extending the time to answer, contained in the order of reference. Eo appeal was taken from that order; and there is no authority for one justice to vacate an order made by another justice, except upon notice to the parties who have a right to be heard. (Code, § 324. Peek v. Yorks, 24 How. Pr. 363.) But such an order cannot, I think, be disregarded ; and it is probable it can be corrected only upon an appeal, or by the same justice who made it, upon a motion before him for that purpose.
In this case, however, enough appears to authorize me to grant the defendants all the relief they desire, without disturbing the order made upon deciding the exceptions to the referee’s report.
The defendants ask to have the judgment opened, and *643 they let in to defend. I have no doubt if the order referred to had been settled upon notice to the defendants, and the attention of the justice been called to the provision contained in the order of reference, he would not have vacated the extension of time to answer, but would have given the defendants a reasonable time to set up their defense, which would have obviated the necessity for the present motion.
Under such circumstances, I think the defendants should be relieved, and that they should be allowed to defend the action; more especially as they have been deprived of an opportunity of being heard at a time when their rights .could have been protected, and now swear to merits.
The judgment was entered and execution issued subsequent to and form no part of the order, and upon a proper state of facts, it is competent for me to relieve the defendants from them; and in like manner, upon being satisfied there is a meritorious defense, to open the case for a trial.
The judgment and execution must be set aside. I see no reason for letting them stand, as security or otherwise. The defendants should, it seems to me, be placed precisely where they stood before the entering of the order overruling the referee’s report.
The defendants must also have ten days from the entering of the order on this decision, to serve their answer. .